IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 3:06-60 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Antonio Jenkins, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

  This matter is before the court on Defendant's letter, received May 28, 2013, indicating that "as of this week the courts past [sic] a law of retroactivity with crack that states[ ] we can now go under the mandatory minimum." ECF No. 1119. The court assumes Defendant is inquiring about the applicability to his case of a recent decision of the Sixth Circuit Court of Appeals, *United States v. Blewett*, __ F.3d __, 2013 WL 2121945 (6th Cir. May 17, 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals found that the relief available under the Fair Sentencing Act of 2010 is retroactively applicable to all defendants currently serving federal sentences based upon "crack" cocaine, regardless of when convicted or sentenced. The court has construed Defendant's motion as a motion to reduce sentence pursuant to *Blewett*.

  To the extent this is a properly-filed motion to reduce sentence, this court is bound to apply the law as interpreted by the Supreme Court of the United States and the Fourth Circuit Court of Appeals. Accordingly, the opinion in *Blewett* is not binding on this court. Additionally, in *United States v. Allen*, __ F.3d __, 2013 WL 1777564 (4th Cir. Apr. 26, 2013), the Fourth Circuit Court of Appeals acknowledged that the FSA is applicable to all defendants sentenced *after* the enactment of the FSA. __ F.3d. at __, 2013 WL 1777564 *7.

  Defendant's letter, construed as a motion to reduce sentence, is **denied**.

1

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
June 4, 2013